United States District Court
CENTRAL DISTRICT OF ILLINOIS

E-FILED
Friday, 25 June, 2021 02:07:02 PM
Clerk, U.S. District Court, ILCD

JIMMIE DUNLAP,

Plaintiff

vs.

JONATHAN EK, Medical Director, JUSTIN DUPREE, Nurse Practitioner, COURTNEY, Registerd Nurse, ASHLEY, Registered Nurse, WEXFORD HEALTH SOURCES, INC. Medical Provider.

Defendant(s)

Case No. ______________
*(The case number will be assigned by the clerk)*

*(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).*

## COMPLAINT*

*Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.*

- [x] 42 U.S.C. §1983 (state, county or municipal defendants)
- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)
- [ ] Other federal law: ______________
- [ ] Unknown ______________

***Please refer to the instructions when filling out this complaint.** Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.*

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Jimmie Dunlap

Prison Identification Number: N82847

Current address: 3820 East Main Street
Danville, Illinois 61834

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Jonathan EK

Current Job Title: medical director

Current Work Address 3820 East Main Street
Danville, Illinois 61834

Defendant #2:

Full Name: Justin Dupree

Current Job Title: Nurse Practitioner

Current Work Address 3820 East Main Street
Danville, Illinois 61834

Defendant #3:

Full Name: Courtney

Current Work Address 3820 East Main Street
Danville, Illinois 61834

Defendant #4:

Full Name: Ashley

Current Job Title: Registered Nurse

Current Work Address 3820 East Main Street
Danville, Illinois 61834

Defendant #5:

Full Name: Wexford Health Sources Inc

Current Job Title: Medical Provider

Current Work Address 801 Adlai Stevenson Drive
Springfield, Illinois 62703

*For additional defendants, provide the information in the same format as above on a separate page.*

## III. LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or appeal in forma pauperis in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case? Yes ☐ No ■

If yes, please describe ______

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ■ No ☐

1. Name of Case, Court and Docket Number Dunlap v. Edgar Knox-Officer, Central District of IL, 9-cv-3309

2. Basic claim made Civil

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) Dismissed

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution? Yes ■ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

Yes ■ No ☐

If your answer is no, explain why not

C. Is the grievance process completed? Yes ■ No ☐

Additional Cases

1. Name of Case, Court and Docket Number
Dunlap v. Stateville & Lawrence Corr. Ctr, Northern, 3-cv-3851-3-C779
Basic Claim made Civil Rights Violation
Disposition Settled

2. Name of Case, Court and Docket Number
Dunlap v. Willie Lewis & Cook County, et al., Northern, 2-CV-1681
Basic Claim made Civil Rights Violation
Disposition Settled

3. Name of Case, Court, and Docket Number
Dunlap v. Sim, Northern District of IL, 13-cv-6301
Basic Claim made Civil Rights Violation
Disposition Settled

4. Name of Case, Court and Docket Number
Dunlap v. Cook County Jail, et al., 3-cv-2005, Northern
Basic Claim made Civil Rights Violation
Disposition Settled

5. Name of Case, Court and Docket Number
Dunlap v. Cermack-Dental Care, Northern, 15-cv-1072
Basic Claim made Civil Rights Violation
Disposition Settled

6. Name of Case, Court and Docket Number
Dunlap v. Trost, et al., Southern District of IL, 20-cv-462
Basic Claim made Deliberate Indifference
Disposition Dismissed

7. Name of Case, Court and Docket Number

Dunlap v. Trost, et al., Southern District of IL, 20-cv-462, 21-cv-292

Basic Claim made Deliberate Indifference

Disposition Withdrawn

Place(s) of the occurrence ______

Date(s) of the occurrence ______

*State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.*

*THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.*

I. Introduction

1.) This is a § 1983 action filed by Plaintiff Jimmie Dunlap, a state prisoner, alleging violation of his constitutional rights to receive medical care and deliberate indifference to Plaintiff's serious medical needs. Plaintiff is seeking money damages.

II. Jurisdiction

2.) Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the Constitution of the United States.

3.) Jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1343 (a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured by Acts of Congress providing for equal rights of persons within the

Jurisdiction of the United States.

III. Parties

4.) Plaintiff Jimmie Dunlap is currently incarcerated in the Illinois Department of Corrections (IDOC) at the Danville Correctional Center at all relevant times to this Complaint.

5.) Defendant JONATHAN EK was employed at Danville Correctional Center by Defendant WEXFORD HEALTH SOURCES, INC. at all times relevant to this Complaint.

6.) Defendant JUSTIN DUPREE was employed at Danville Correctional Center by Defendant WEXFORD HEALTH SOURCES, INC. at all times relevant to this Complaint.

7.) Defendant COURTNEY was employed at Danville Correctional Center by Defendant WEXFORD HEALTH SOURCES, INC. at all times relevant to this Complaint.

8.) Defendant ASHLEY was employed at Danville Correctional Center by Defendant WEXFORD HEALTH SOURCES, INC. at all times relevant to this Complaint.

9.) Defendant WEXFORD HEALTH SOURCES, INC., was and is a Florida corporation doing business in Illinois under contract with the Illinois Department of Corrections to provide medical care to inmates incarcerated at Illinois Department of Corrections facilities, including Danville Correctional Center at all times relevant to this Complaint.

10.) Defendants acted under color of law at all times relevant to this Complaint and are being sued in their individual capacities.

IV. Factual Allegations

11.) Plaintiff is a 51 year old male with a history of MIx3, Cardiomyopathy, paroxysmal AFib, hypertension, asthma, and congestive heart failure.

12.) Sometime during the month of August, 2020 Plaintiff started experiencing chest pains and pain of the left side of his body.

13.) On August 1, 2020, Plaintiff was seen by nurse Carol about his chest pain. Nurse Carol performed a EKG.

14.) Plaintiff was told that his vitals were okay and that he was on the waiting list to see

the Nurse Practitioner Justin Dupree, N.P., for the month of July, 2020.

15.) During the month of July, 2020 Plaintiff was seen by Dupree to discuss his heart problems and medication. Dupree informed Plaintiff that he referred him to see Dr. Jonathan Ek.

16.) Plaintiff was told to discuss whatever issues he has with Dr. Ek because I was only to see Dupree for my heart problems and shortness of breath.

17.) On August 12, 2020 Plaintiff was seen by Dr. Ek.

18.) Dr. Ek informed Plaintiff that he was placing him back on a medication called (Coumadin/Warfarin).

19.) In 2010 Plaintiff was taken off

(Coumadin / Warfarin) by Dr. F. Kayira of Graham Correctional Center.

20.) Dr. EK informed Plaintiff that he was going to refer him for a consult with a cardiologist.

21.) A week after August 10, 2020 Plaintiff begin having more cardiac issues.

22.) On August 27, 2020 Plaintiff's cardiology consult was approved.

23.) On September 7, 2020 Plaintiff was seen by nurse Davis for shortness of breath.

24.) Plaintiff was given a blood draw and which the lab nurse told him that his blood test was high.

25.) Nurse Davis put in a refill for an asthma pump.

26.) On September 29, 2020 Plaintiff suffered chest tightness. A code 3 was called and Plaintiff was transported to the health care unit (HCU).

27.) Nurse Davis did an EKG and scheduled Plaintiff to see Dr. Ek.

28.) On September 30, 2020 Plaintiff was seen by nurse Elicia Pearson which she taken his vitals and blood pressure. Plaintiff's blood pressure was high.

29.) Nurse Pearson performed an EKG and informed Plaintiff that his heart rate was low. She told Plaintiff that a low heart rate was normal because of the coumadin. She issued Plaintiff Ibuprofen 200 m.g. as treatment.

30.) Later in the day Plaintiff was transported back to the HCU but in extreme pain.